**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KASHMIR SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 11-73078<br>12-70606<br>12-72528<br><br>Agency No. A097-907-910<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:      W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Kashmir Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"), and of two BIA orders

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his two motions to reopen/reconsider. We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings,

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and for abuse of

discretion the BIA's denial of a motion to reopen or reconsider, *Cano-Merida v.*

*INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petitions for review.

With respect to the agency's denial of Singh's underlying claims for relief

(petition No. 11-73078), Singh does not challenge the agency's adverse credibility

determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir.

1996) (issues not specifically raised and argued in a party's opening brief are

waived). Because the credibility finding is dispositive of Singh's asylum and

withholding of removal claims, and because Singh's CAT claim is based on the

same testimony found not credible and he does not point to any other evidence to

support his CAT claim, we deny the petition for review as to these claims.

With respect to the BIA's January 26, 2012, order (petition No. 12-70606),

the BIA did not abuse its discretion when it found Singh's polygraph evidence did

not meet the requirements for a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1);

*Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007) (per curiam) (evidence

capable of being discovered prior to hearing cannot serve as basis for motion to

reopen).  We reject Singh's contention that *Goel* should be modified.  Singh does not otherwise challenge the BIA's January 26, 2012, order.

Finally, with respect to the BIA's July 10, 2012, order (petition No. 12-72528), the BIA did not abuse its discretion in denying Singh's motion, construed as a motion to reconsider, where Singh's motion did not establish any error of fact or law in the BIA's prior order.  *See* 8 C.F.R. § 1003.2(b)(1); *Goel*, 490 F.3d at 738.

**NO. 11-73078: PETITION FOR REVIEW DENIED.**

**NO. 12-70606: PETITION FOR REVIEW DENIED.**

**NO. 12-72528: PETITION FOR REVIEW DENIED.**